UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRANDA MARTIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:25-cv-268

Hon. Hala Y. Jarbou

## ORDER

    This case is an appeal from a decision by the Commissioner of Social Security that Plaintiff Miranda Martin is not entitled to disability insurance benefits or supplemental security income. On December 15, 2025, Magistrate Judge Maarten Vermaat issued a report and recommendation (R&R) that the Court affirm the Commissioner's decision (ECF No. 16). Plaintiff has filed objections to the R&R (ECF No. 17). For the reasons explained below, the Court will overrule the objections and affirm the Commissioner's decision.

    Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). This Court's "review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

Objection 1

Plaintiff first argues that the magistrate judge erred when assessing the ALJ's evaluation of the opinion of Dr. Duemler. The ALJ concluded that Duemler's opinions about Plaintiff's functional capacity ("RFC") and disability are

> unpersuasive as they are inconsistent with, and unsupported by, the claimant's minimal and conservative treatment during the relevant period (Exhibits 4F, 10F, and 11F) as well as the consultative examination (Exhibit 7F) and psychological consultative examination (Exhibit 8F) . . . do not support the severity of limitations opined.

(ALJ Dec., ECF No. 5-2, PageID.42.) Dr. Duemler opined in May 2023 that Plaintiff

> can only stand for an estimated one hour per day; could sit for six hours during an eight hour workday but breaks would help; needs to lie down during the day; can rarely reach above the right shoulder but frequently reach above the left shoulder, frequently reach down towards the waist or floor; could occasionally lift/carry 5 to 10 pounds; could squat or kneel but not repetitively; and that her joint pain will slowly get worse over time.

(*Id.*) Several months later, Duemler reported that Plaintiff had additional limitations in her ability to walk, to bend, and to carry objects (11/3/2023 Duemler Letter, ECF No. 5-8, PageID.453-54), but the ALJ observed that some of the limitations identified by Duemler "appear based on [Plaintiff's] subjective report not on the doctors finding during evaluations." (ALJ Dec., PageID.42.)

Plaintiff argues that the ALJ's analysis of Duemler's opinions was inadequate because it did not sufficiently articulate the basis for discounting those opinions. The applicable regulations require an ALJ to "articulate" how "persuasive" the ALJ finds "all of the medical opinions." 20 C.F.R. § 404.1520c(b). In determining the persuasiveness of a medical opinion, the ALJ is required to consider factors such as "[s]upportability," which examines how the objective medical evidence and supporting explanations by a medical source support the opinion, and

2

"[c]onsistency," which evaluates whether the opinion is consistent with record evidence from other sources. *See id.* § 404.1520(c)(1), (c)(2).

The Court agrees with the magistrate judge that the ALJ properly articulated the basis for her decision. She noted Plaintiff's "minimal and conservative" treatment as well as the results of consultative examinations that the ALJ discussed in the decision and specifically cited when discounting Duemler's opinion. (ALJ Dec., PageID.42.) Among other things, the ALJ cited a consultative examination on March 27, 2023, at which Plaintiff reported a pain level of 7 out of 10, but she had normal gait, did not use any assistive devices, and had normal range of motion. (*Id.* PageID.41.) In contrast to the greater limitations imposed by Duemler, the consultative examiner concluded that Plaintiff could stand or walk for four hours per day and could lift ten pounds frequently. (*Id.*) The ALJ was not obligated to accept the limitations proposed by Duemler; the ALJ could properly consider the opinions of other medical examiners. In addition, as discussed above, the ALJ explained why she did not accept some of Duemler's conclusions: they were inconsistent with the record or appeared to be based on Plaintiff's subjective complaints rather than Duemler's examination. Thus, as to articulating reasons for discounting Duemler's opinions, the Court finds no error in the R&R or in the ALJ's decision.

Objection 2

Next, Plaintiff contends that the magistrate judge applied the wrong legal standard when assessing the ALJ's evaluation of the opinions of the consulting examiner, nurse practitioner Easley. As in her first objection, Plaintiff apparently argues that the ALJ did not sufficiently articulate the basis for her opinion. In particular, after discussing the records of Plaintiff's visit with Easley, and Easley's opinion about Plaintiff's limitations, the ALJ stated she "afforded [Plaintiff] slightly greater/additional limitations based on [Plaintiff's] testimony." (ALJ Dec.,

PageID.41.)  Plaintiff faults the ALJ for not identifying those additional limitations or the testimony that the ALJ relied upon to add those limitations.

The Court discerns no error.  The ALJ discussed Plaintiff's testimony about her symptoms and her limitations.  The ALJ opined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms" were not supported by medical evidence in the record (ALJ Dec., PageID.40) and the ALJ gave sound reasons for that opinion when discussing the rest of the record.  The ALJ was not required to repeat Plaintiff's statements when giving those reasons; it is clear that Plaintiff's reported symptoms and limitations were more severe than the medical evidence and the results of her examinations suggested.

In addition, although Plaintiff contends it is unclear what limitations the ALJ gave Plaintiff on top of those identified by Easley, it is possible to discern those additional limitations by comparing Easley's description of Plaintiff's limitations to the RFC provided by the ALJ.  For example, Easley concluded that Plaintiff had no limitations for "reaching" or "handling" and could "occasionally do climbing" (Easley Eval., ECF No. 5-7, PageID.339), whereas the ALJ concluded that Plaintiff could only "occasionally reach overhead with bilateral extremity" and could "never climb ladders, ropes, or scaffolds." (ALJ Dec., PageID.38.)  Thus, contrary to Plaintiff's objection, those additional limitations are clear.  In short, the ALJ sufficiently articulated the basis for her decision.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 17) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 16) is **APPROVED** and **ADOPTED** as the opinion of the Court.

4

A judgment will issue in accordance with this Order.

Dated: February 9, 2026                              /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     CHIEF UNITED STATES DISTRICT JUDGE

5